The order dismissing the writ should, therefore, be affirmed.

JENKS, P. J., THOMAS, BLACKMAR and KELLY, JJ., concurred.

Order dismissing writ affirmed.

---

MAX HOFFMAN, Appellant, v. PRUSSIAN NATIONAL INSURANCE COMPANY OF STETIN, GERMANY, Respondent.

Second Department, January 11, 1918.

**Insurance — action on policy of automobile insurance — effect of proof of actual value upon right to urge upon appeal valuation stated in policy — fraud — overvaluation — evidence by photographic enlargements as to change in consideration in prior bill of sale.**

Where, in a policy of automobile insurance, the plaintiff's car was " valued at the sum insured," but the plaintiff alleged and sought to prove the actual value of the car by evidence of what it cost him, and also of what it cost his vendor, he cannot on appeal urge that the valuation stated in the policy is controlling.

A general verdict for the defendant in such a case imports not merely a failure to establish the value claimed, but may be taken as a finding that the car was insured at such an overvaluation as to amount to fraud avoiding the policy.

Plaintiff having introduced as an exhibit a prior bill of sale of the car to which he was not a party, evidence, by photographic enlargements showing that the consideration therein had been raised, was competent.

APPEAL by the plaintiff, Max Hoffman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 3d day of May, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of May, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*David Goldstein*, for the appellant.

*Joab H. Banton*, for the respondent.

PUTNAM, J.:

In defendant's policy, plaintiff's Mercedes car was " valued at the sum insured," namely, $1,800. The complaint and plaintiff's direct case sought to prove value of the car, by evidence of what the car cost plaintiff, and then, going a step further, by showing how much it cost plaintiff's vendor. Where the plaintiff did not stand on the agreed valuation, but treated the evidence as proving value under an open policy, he cannot change front on appeal, and urge that the policy valuation controlled. After the issue of value had been fully tried out, it was submitted to the jury by a charge of entire fairness, and free from exception. A general verdict for defendant thus imports not merely a failure to establish the value claimed. It may be taken as a finding that a worn-out car was insured at a sum so much beyond its worth that the gross overvaluation amounted to affirmative fraud upon the insurer. And this avoids a valued policy. Even if plaintiff were not party to the bill of sale from Rosensen to Suderov, the evidence, by photographic enlargements, that such consideration expressed in the bill of sale had been raised from $800 to $1,800, was competent, after plaintiff had first made this bill of sale his exhibit. The verdict was right and just.

The judgment for defendant and order are, therefore, affirmed, with costs.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Judgment and order affirmed, with costs.